UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRYSON WEBB and YVONNE WEBB, | NO. CIV. 2:09-2380 WBS DAD |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS AND MOTION TO STRIKE |
| INDYMAC BANK HOME LOAN SERVICING, INDYMAC FEDERAL BANK, INDYMAC MORTGAGE SERVICES, MTC FINANCIAL, INC. d/b/a TRUSTEE CORPS., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MTH MORTGAGE, LLC, JOYCE S. PERKINS, and DOES 1 through 20, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiffs Bryson Webb and Yvonne Webb filed this action against defendants Indymac Bank Home Loan Servicing ("Indymac Servicing"), Indymac Federal Bank ("Indymac Bank"), Indymac Mortgage Services ("Indymac Mortgage"), MTC Financial, Inc. d/b/a Trustee Corps. ("Trustee Corps"), Mortgage Electronic

1

Registration Systems, Inc. ("MERS"), MTH Mortgage, LLC ("MTH"), and Joyce S. Perkins, alleging various state and federal claims relating to a loan they obtained to purchase their home in Lincoln, California.  MERS and Trustee Corp each move to dismiss plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Trustee Corps also moves to strike plaintiffs' demands for punitive damages from the FAC pursuant to Federal Rule of Civil Procedure 12(f).

I.   Factual and Procedural Background

On August 15, 2006,[1] plaintiffs obtained a loan from MTH to purchase their home, located at 1248 Jurgenson Drive in Lincoln, California.  (FAC ¶¶ 7, 38.)  This loan was memorialized in a Promissory Note ("the Note") secured by a Deed of Trust on the property.  (Id. ¶ 38.)  Plaintiffs claim that they were channeled into this allegedly unaffordable loan through the conduct of their mortgage broker Perkins, who allegedly exaggerated plaintiff's earnings to secure the loan.  (Id. ¶¶ 31-33.)  The Deed of Trust listed First American Title as trustee, MTH as lender, and MERS as nominee and beneficiary for the lender and lender's successors and assigns.  (Id. ¶¶ 38-39.)  MERS facilitates the transfer of mortgage interests by providing an electronic tracking system for the mortgage interests registered in its system.  To do this, MERS is the beneficiary of record in

---

[1] Although the FAC alleges that the loan was obtained on August 15, 2009, this is obviously an accident given the other dates referenced in the FAC.  According to the Deed of Trust in MTC's Request for Judicial Notice ("RJN") the loan was consummated on August 15, 2006, the date plaintiff likely meant to reference.  (MTC's RJN Ex. A.)

2

a "nominee" capacity for the mortgage lender on all security instruments in its system. (Id. ¶ 11.)

Plaintiffs eventually defaulted on their loan, and a Notice of Default and Election to Sell Under Deed of Trust was filed in Placer County by Trustee Corps on March 13, 2009. (Id. ¶ 41.) On March 9, 2009, Trustee Corps allegedly noticed the trustee sale of the property. (Id. ¶ 42.) This notice identified Trustee Corps as the trustee under the Deed of Trust. (Id.) On June 9, 2009, plaintiffs allegedly sent a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, to Indymac Bank that included a demand to rescind their loan under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. (Id. ¶ 43.)

In their FAC, plaintiffs assert ten causes of action against seven defendants. MERS and Trustee Corps's motions to dismiss challenge only the causes of action that apply to MERS and Trustee Corps, respectively.

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted

3

unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Trustee Corps submitted a RJN in support of its motion to dismiss and motion to strike that contains seven exhibits, all of which are recorded documents relating to plaintiffs' loan transaction and subsequent foreclosure. Plaintiffs also submitted a RJN which contains publically recorded documents relating to plaintiffs' mortgage and two law review articles discussing the "mortgage crisis." The court will take judicial notice of defendants' exhibits and the publically recorded documents of plaintiffs, as they are matters of public record whose accuracy cannot be questioned. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The court will not take notice of the law review articles submitted by plaintiffs, as they are sources whose accuracy may be debated and questioned.

A. California Civil Code Section 47 Privilege

4

1          Trustee Corps contends that its conduct was privileged
2    under California Civil Code sections 47 and 2924(d) and therefore
3    all claims against it must be dismissed.  Non-judicial
4    foreclosure sales "are governed by a 'comprehensive' statutory
5    scheme.  This scheme, which is found in Civil Code sections 2924
6    through 2924k, evidences a legislative intent that a sale which
7    is properly conducted 'constitutes a final adjudication of the
8    rights of the borrower and lender.'"  Royal Thrift & Loan Co. v.
9    County Escrow, Inc., 123 Cal. App. 4th 24, 32 (quoting 6 Angels,
10   Inc. v. Stuart-Wright Mortgage, Inc., 85 Cal. App. 4th 1279,
11   1283-1284 (footnote omitted) (2001)).  Under section 2924(d) the
12   "mailing, publication, and delivery" of foreclosure notices and
13   "performance" of the foreclosure procedures created by California
14   law constitute "privileged communications" pursuant to section
15   47.  Cal. Civ. Code § 2924(d).

16         The privilege created by section 2924(d) "provides a
17   qualified privilege for communications made without malice, to a
18   person interested therein, . . . by one who is also interested."
19   Kachlon v. Markowitz, 168 Cal. App. 4th 316, 336 (2008) (internal
20   quotation marks omitted).  For the purposes of the statute,
21   "malice is defined as actual malice, meaning that the publication
22   was motivated by hatred or ill will towards the plaintiff or by a
23   showing that the defendant lacked reasonable grounds for belief
24   in the truth of the publication and therefore acted in reckless
25   disregard of the plaintiff's rights."  Id. (internal quotation
26   marks omitted).  This privilege applies to tort claims other than
27   malicious prosecution and also applies to alleged violations of
28   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.

5

Code §§ 17200-17210.  Hagberg v. Cal. Fed. Bank FSB, 32 Cal. 4th 350, 361 (2004) ("As noted, the only tort claim we have identified as falling outside the privilege established by section 47(b) is malicious prosecution."); see Stevens v. Superior Court, 75 Cal. App. 4th 594, 603-604 (1999) (finding that the UCL "allows a private plaintiff to proceed under it to seek redress for conduct which violates any predicate statute, unless the defendant is privileged, [or] immunized by another statute . . . .").

All of the claims alleged against Trustee Corps arise out of its performance of the non-judicial foreclosure procedures enumerated in the California Civil Code as agent for the beneficiary of plaintiffs' loan.  The allegations against Trustee Corps stem from its alleged misrepresentations of its right to foreclose on plaintiffs' property and subsequent actions in foreclosing on the property.  Plaintiffs have not plead any facts that demonstrate that Trustee Corps acted with malice during the foreclosure process.  Trustee Corps's actions are clearly privileged under California law and accordingly plaintiffs cannot succeed on any of their claims against Trustee Corps.  See Cisneros v. Instant Capital Funding Group, Inc., No. CV F 09-1436 LJO SMS,  --- F.R.D. ----, 2009 WL 3049209, at *4-5 (E.D. Cal. Sept. 18, 2009) (finding Trustee Corps's actions as trustee for beneficiary allows them to claim immunity under California Civil Code section 2924(d)).  However, even if Trustee Corps was not immune from suit by plaintiffs the court would still grant Trustee Corps's motion to dismiss plaintiffs' claims because each cause of action fails to state a claim upon which relief can be

granted.

B. <u>Negligence</u>

To prove a cause of action for negligence, a plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (2004). Plaintiffs allege that MERS owed them a duty to "perform its administrative function recording,[sic] maintaining, and transferring documents as it relates to [p]laintiffs' loan in a manner not to cause [p]laintiffs harm." (FAC ¶ 80.) Plaintiffs further contend that MERS breached this duty when "it failed to receive, maintain or transfer the negotiable instrument related to [p]laintiffs' loan, and authorized others to collect payments on [p]laintiffs' mortgage and commence foreclosure proceedings." (<u>Id.</u>)

Plaintiffs cite no authority for the proposition that MERS owed a duty to not cause plaintiff harm in its capacity the nominal beneficiary for the loan. Absent contrary authority, a pleading of an assumption of duty by MERS, or a special relationship, plaintiffs cannot establish MERS owed a duty of care. <u>See</u> <u>Hardy v. Indymac Fed. Bank</u>, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009); <u>Bentham v. Aurora Loan Servs.</u>, No. C-09-2059 SC, 2009 WL 2880232, at *2-3 (N.D. Cal. Sept. 1, 2009).

1         Additionally, the FAC does not indicate what, if any,
2 duties were breached by Trustee Corps. (See FAC ¶¶ 74-81.)
3 Trustee Corps is not so much as mentioned by name in plaintiffs'
4 negligence claim.  Trustee Corps should not be forced to guess
5 how their conduct was allegedly negligent.  See Associated Gen.
6 Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
7 459 U.S. 519, 526 (1983); Gauvin v. Trombatore, 682 F. Supp.
8 1067, 1071 (N.D. Cal. 1988).  The FAC fails to state that MERS
9 and Trustee Corps have breached a cognizable legal duty, and
10 accordingly the court will grant defendants' motions to dismiss
11 plaintiffs' cause of action for negligence against MERS and
12 Trustee Corps.

        C.   Fraud

14         In California, the essential elements of a claim for
15 fraud are "(a) a misrepresentation (false representation,
16 concealment, or nondisclosure); (b) knowledge of falsity (or
17 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)
18 justifiable reliance; and (e) resulting damage." In re Estate of
19 Young, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened
20 pleading requirements for claims of fraud under Federal Rule of
21 Civil Procedure 9(b), "a party must state with particularity the
22 circumstances constituting the fraud." Fed. R. Civ. P. 9(b).
23 The plaintiffs must include the "who, what, when, where, and how"
24 of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106
25 (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42
26 F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple
27 defendants are asked to respond to allegations of fraud, the
28 complaint must inform each defendant of his alleged participation

8

in the fraud." Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs' fraud allegations do not even come close to surviving a motion to dismiss.  Plaintiffs allege that MERS "misrepresented to [p]laintiffs on the Deed of Trust that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trust and/or the Note . . . [and] that it followed the applicable legal requirements to transfer the Note and Deed of Trust . . . ."  (FAC ¶ 109.)  Plaintiffs further allege that Trustee Corps "misrepresented to [p]laintiffs that Trustee Corps was entitled to enforce the security interest and has the right to institute a non-judicial foreclosure proceeding . . . ."  (Id. ¶ 110.)  Plaintiffs go on to simply state the remaining elements of a cause of action for fraud.  (See id. ¶¶ 111-115.)

Even though plaintiffs reincorporate their earlier allegations into this cause of action, plaintiffs do not identify when the alleged misrepresentations by Trustee Corps were made, who made them on behalf of MERS or Trustee Corps, or why they were false.  In fact, plaintiffs' allegations against Trustee Corps simply sound like an attempt by plaintiffs to force Trustee Corps to "produce the Note" to have the right to foreclose on the property.  However, under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure. Kamp v. Aurora Loan Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4 (C.D. Cal. Oct. 1, 2009); Oliver v. Countrywide Home Loans, Inc., No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009)

(citing <u>Alvara v. Aurora Loan Servs.</u>, No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); <u>Putkkuri v. Recontrust Co.</u>, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009). Accordingly, plaintiffs have failed to plead any fraudulent representations by Trustee Corps or MERS with sufficient particularity.

Plaintiffs also do not state how MERS's alleged misrepresentation of its rights as a beneficiary on the Note or Trustee Corps's representations of its ability to foreclose on the property harmed them. Instead plaintiffs make the conclusory statement that they "were harmed and suffered damages." (FAC ¶ 115.) At the pleading stage, the complaint "must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated." <u>Small v. Fritz Cos.</u>, 30 Cal. 4th 167, 202 (2003) (quotations omitted). Without such information it is impossible for the court to determine whether plaintiffs alleged damages "were otherwise inevitable or due to unrelated causes." <u>Goehring v. Chapman Univ.</u>, 121 Cal. App. 4th 353, 365 (2004). Without pleading facts to explain this causal connection, plaintiffs' cause of action must fail. <u>See</u> <u>Iqbal</u>, 129 S. Ct at 1949. Accordingly, the court will grant MERS and Trustee Corps's motions to dismiss plaintiffs' fraud claim.

        D.   <u>Wrongful Foreclosure</u>

Plaintiffs' FAC purports to state a claim for "wrongful foreclosure" against Trustee Corps. Plaintiffs have failed to produce any common law rule or authority providing for a claim of "wrongful foreclosure" at law. See <u>Fortaleza v. PNC Fin. Servs. Group, Inc.</u>, --- F.Supp.2d ---, No. C 09-2004 PJH, 2009 WL

10

2246212, at *11 (N.D. Cal. July 27, 2009). Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1009 (1996); Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971).

Plaintiffs attempt to base this claim first on California Commercial Code section 3301, alleging that Trustee Corps was not in possession of the Note, and is not a beneficiary, assignee or employee of the entity in possession of the note, and is therefore not a "person entitled to enforce" the security interest on the property in accordance with section 3301. (FAC ¶ 146.) However, section 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924. See Gaitan v. Mortgage Elec. Registration Sys., No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5, 2009). "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994). As previously mentioned, there is no requirement for the production of the original Note to initiate a non-judicial foreclosure in California. Kamp, No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4; Oliver, No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3; Putkkuri, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2. Therefore, plaintiff cannot assert a claim based on Trustee Corps's failure to comply with an inapplicable commercial code when defendants are not required to "produce the Note" according to California law.

1      Plaintiffs also base their wrongful foreclosure action
2 on the basis of California Civil Code section 2923.5, arguing
3 that the Notice of Default and Notice of Trustee sale were
4 defective because Trustee Corps did not have the right to
5 foreclose on their property.  (FAC ¶ 149.)  However, this is just
6 a reiteration of plaintiffs' argument that defendants must
7 "produce the Note" to foreclose on their property.  As such, this
8 claim is deficient as a matter of law.  Accordingly, the court
9 will grant Trustee Corps's motion to dismiss plaintiffs' wrongful
10 foreclosure claim.

     E.   California's UCL

      California's UCL prohibits "any unlawful, unfair, or
fraudulent business act or practice."  Cal-Tech Commc'ns, Inc. v.
L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  This cause
of action is generally derivative of some other illegal conduct
or fraud committed by a defendant, and "[a] plaintiff must state
with reasonable particularity the facts supporting the statutory
elements of the violation."  Khoury v. Maly's of Cal., Inc., 14
Cal. App. 4th 612, 619 (1993).

      Plaintiffs' claim under the UCL is vague and
conclusory, simply alleging that MERS and Trustee Corps's
"negligence, fraud, and illegal foreclosure activities, as
alleged herein, constitute unlawful, unfair, and/or fraudulent
business practices . . . ."  (FAC ¶¶ 122-23.)  Plaintiffs do not
identify a single specific practice of MERS or Trustee Corps that
they find to be "unfair" or "deceptive" in their cause of action.
The court has already indicated it will dismiss plaintiffs' other
causes of action against MERS and Trustee Corps for failure to

12

state a claim.  Since plaintiffs have failed to state a claim on any of these grounds, and because these grounds appear to be the sole basis for plaintiffs' UCL claim, plaintiffs by necessity have failed to state a claim against MERS and Trustee Corps under the UCL.[2]  Accordingly, the court will grant MERS and Trustee Corps's motions to dismiss plaintiffs' UCL cause of action.

    F.    <u>Motion to Strike</u>

Trustee Corps additionally moves to strike the portions of plaintiffs' FAC which request punitive damages.  This motion will be denied as moot, since all claims against Trustee Corps have been dismissed.

IT IS THEREFORE ORDERED that MERS's motion to dismiss plaintiffs' claims against MERS be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Trustee Corps's motion to dismiss plaintiffs' claims against Trustee Corps be, and the same hereby is, GRANTED; and Trustee Corps's motion to strike be, and the same hereby is, DENIED as moot.

Plaintiffs have twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

DATED:  January 6, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Trustee Corps contends that plaintiffs' UCL claim is preempted by the Homeowners Loan Act of 1937 ("HOLA"), 12 U.S.C. § 1461.  The court does not reach this question because it does not find a lengthy preemption analysis necessary, since plaintiffs' UCL claim is facially deficient and will be dismissed.

13