UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRYSON WEBB and YVONNE WEBB,

       Plaintiffs,

    v.

INDYMAC BANK HOME LOAN SERVICING, INDYMAC FEDERAL BANK, INDYMAC MORTGAGE SERVICES, MTC FINANCIAL, INC. d/b/a TRUSTEE CORPS., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MTH MORTGAGE, LLC, JOYCE S. PERKINS, and DOES 1 through 20, inclusive,

       Defendants.
_____/

NO. CIV. 2:09-2380 WBS DAD

ORDER TO SHOW CAUSE

----oo0oo----

       The court has an obligation to recuse itself from any case in which the judge might have a "financial interest," however small. 28 U.S.C. § 455(b)(4). Because corporate parties are in the best position to identify their parent and subsidiary corporations, Federal Rule of Civil Procedure 7.1 and this court require all non-governmental corporate entities to submit

1

corporate disclosure statements in order to assist the court in carrying out its recusal obligation.

The court explicitly required such disclosures in its Order Setting Status (Pretrial Scheduling) Conference of August 26, 2009 and Minute Order of January 20, 2010.  In so instructing, the court emphasized the importance of corporate disclosures and warned that failure to comply with the court's Order could warrant sanctions:

> The purpose of the corporate disclosure requirement in subpart (m) of this Order is to assist the court in carrying out this obligation, because corporate parties are in the best position to identify their parent and subsidiary corporations.  Without this information, the court risks retaining a case in which it unknowingly has a financial interest.  As a consequence, not only would the undersigned judge face public criticism, the public's confidence in an impartial judiciary would be eroded.  Failure to assist the court in protecting these and the other interests advanced by § 455(b)(4)--especially in the face of a clear and direct request from the court--amounts to sanctionable conduct.

(Aug. 26, 2009 Order Setting Status 4; see also id. ("**Failure to comply with the requirements of this subpart will result in the Joint Status Report being stricken and sanctions being ordered against any nongovernmental corporate party that did not submit its corporate disclosures.**") (emphasis in original).)

Despite the court's clear and repeated requests, defendant MTC Financial, Inc. has failed to file its corporate disclosures.  Accordingly, the court will order MTC Financial, Inc. to pay sanctions of $200.00 or show good cause why sanctions should not be levied for its failure to comply with the court's orders.  As the court must reschedule the Status (Pretrial Scheduling) Conference a second time to await MTC Financial, Inc.'s compliance with the corporate disclosure requirements, the

court will also strike the parties' outdated Joint Status Report of January 4, 2010 and require a Supplemental Joint Status Report.

IT IS THEREFORE ORDERED that, within ten days of the date of this Order, defendants MTC Financial, Inc. shall either (1) pay sanctions in the amount of $200.00 to the Clerk of the Court; or (2) submit a statement of good cause explaining its failure to comply with the court's prior orders.

IT IS FURTHER ORDERED that the Status (Pretrial Scheduling) Conference set for February 22, 2010 is vacated and reset for March 22, 2010.  The Joint Status Report filed January 4, 2010 is hereby stricken and the parties shall file a Supplemental Joint Status Report that includes MTC Financial, Inc.'s corporate disclosures no later than March 8, 2010.

DATED:   February 12, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE