UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRYSON WEBB and YVONNE WEBB, | NO. CIV. 2:09-2380 WBS DAD |
| Plaintiffs, | |
| v. | ORDER OF DISMISSAL |
| INDYMAC BANK HOME LOAN SERVICING, INDYMAC FEDERAL BANK, INDYMAC MORTGAGE SERVICES, MTC FINANCIAL, INC. d/b/a TRUSTEE CORPS., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MTH MORTGAGE, LLC, JOYCE S. PERKINS, and DOES 1 through 20, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiffs Bryson Webb and Yvonne Webb filed this action in federal court on August 25, 2009, against defendants Indymac Bank Home Loan Servicing, Indymac Federal Bank, Indymac Mortgage Services, MTC Financial, Inc. d/b/a/ Trustee Corps., Mortgage Electronic Registration Systems, Inc. ("MERS"), MTH

1

Mortgage, LLC, and Joyce S. Perkins. (Docket No. 1.)  The basis of this court's jurisdiction over the action was federal question jurisdiction, predicated on their claims for violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.  (Docket Nos. 1-2.)  Plaintiff filed a Second Amended Complaint ("SAC") on January 26, 2010 that no longer asserted any federal claims or referred to any federal statutes (Docket No. 41), and thereafter MTC Financial, Inc. and MERS filed motions to dismiss (Docket Nos. 42, 45).  On March 10, 2010, plaintiffs filed a Statement of Non-Opposition to MERS's motion to dismiss (Docket No. 53), specifically noting that the SAC no longer pleads any federal causes of action and asserting that the court no longer has federal jurisdiction to hear the case.  (Id.)

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").  Factors for a court to consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity.  Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992).  "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining

2

| | |
|---|---|
| 1 | state law claims." <u>Reynolds v. County of San Diego</u>, 84 F.3d |
| 2 | 1162, 1171 (9th Cir. 1996) <u>overruled on other grounds by</u> <u>Acri</u>, |
| 3 | 114 F.3d at 1000. |
| 4 | As there do not appear to be any extraordinary or |
| 5 | unusual circumstances that would counsel against dismissal, the |
| 6 | court will decline to exercise supplemental jurisdiction under § |
| 7 | 1367(c)(3) as to the Second Amended Complaint's state law claims. |
| 8 | IT IS THEREFORE ORDERED that plaintiff's Second Amended |
| 9 | Complaint be, and the same hereby is, DISMISSED without |
| 10 | prejudice. |
| 11 | IT IS FURTHER ORDERED that the pending motions to |
| 12 | dismiss (Docket Nos. 42, 45) are hereby DENIED as moot. |
| 13 | DATED: March 12, 2010 |

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE