UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRYSON WEBB and YVONNE WEBB, | NO. CIV. 2:09-2380 WBS DAD |
| Plaintiffs, | |
| v. | ORDER OF DISMISSAL |
| INDYMAC BANK HOME LOAN SERVICING, INDYMAC FEDERAL BANK, INDYMAC MORTGAGE SERVICES, MTC FINANCIAL, INC. d/b/a TRUSTEE CORPS., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MTH MORTGAGE, LLC, JOYCE S. PERKINS, and DOES 1 through 20, inclusive, | |
| Defendants. / | |

----oo0oo----

    Plaintiffs Bryson Webb and Yvonne Webb filed this action in federal court on August 25, 2009, against defendants Indymac Bank Home Loan Servicing, Indymac Federal Bank, Indymac Mortgage Services, MTC Financial, Inc. d/b/a/ Trustee Corps., Mortgage Electronic Registration Systems, Inc. ("MERS"), MTH

1

1  Mortgage, LLC, and Joyce S. Perkins.  (Docket No. 1.)  The basis
2  of this court's jurisdiction over the action was federal question
3  jurisdiction, predicated on their claims for violations of the
4  Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the
5  Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§
6  2601-2617.  (Docket Nos. 1-2.)  Plaintiff filed a Second Amended
7  Complaint ("SAC") on January 26, 2010 that no longer asserted any
8  federal claims or referred to any federal statutes (Docket No.
9  41), and thereafter MTC Financial, Inc. and MERS filed motions to
10 dismiss (Docket Nos. 42, 45).  On March 10, 2010, plaintiffs
11 filed a Statement of Non-Opposition to MERS's motion to dismiss
12 (Docket No. 53), specifically noting that the SAC no longer
13 pleads any federal causes of action and asserting that the court
14 no longer has federal jurisdiction to hear the case.  (Id.)

15         Under 28 U.S.C. § 1367(c)(3), a district court may
16 decline to exercise supplemental jurisdiction over a state law
17 claim if "the district court has dismissed all claims over which
18 it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3);
19 see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th
20 Cir. 1997) ("[A] federal district court with power to hear state
21 law claims has discretion to keep, or decline to keep, them under
22 the conditions set out in § 1367(c).").  Factors for a court to
23 consider in deciding whether to dismiss supplemental state claims
24 include judicial economy, convenience, fairness, and comity.
25 Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th
26 Cir. 1992).  "[I]n the usual case in which federal law claims are
27 eliminated before trial, the balance of factors . . . will point
28 toward declining to exercise jurisdiction over the remaining

2

1 | state law claims." <u>Reynolds v. County of San Diego</u>, 84 F.3d
2 | 1162, 1171 (9th Cir. 1996) <u>overruled on other grounds by</u> <u>Acri</u>,
3 | 114 F.3d at 1000.
4 |     As there do not appear to be any extraordinary or
5 | unusual circumstances that would counsel against dismissal, the
6 | court will decline to exercise supplemental jurisdiction under §
7 | 1367(c)(3) as to the Second Amended Complaint's state law claims.
8 |     IT IS THEREFORE ORDERED that plaintiff's Second Amended
9 | Complaint be, and the same hereby is, DISMISSED without
10 | prejudice.
11 |     IT IS FURTHER ORDERED that the pending motions to
12 | dismiss (Docket Nos. 42, 45) are hereby DENIED as moot.
13 | DATED:  March 12, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE