UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRYSON WEBB and YVONNE WEBB,

      Plaintiffs,

   v.

INDYMAC BANK HOME LOAN SERVICING, INDYMAC FEDERAL BANK, INDYMAC MORTGAGE SERVICES, MTC FINANCIAL, INC. d/b/a TRUSTEE CORPS., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MTH MORTGAGE, LLC, JOYCE S. PERKINS, and DOES 1 through 20, inclusive,

      Defendants.

NO. CIV. 2:09-2380 WBS DAD

ORDER RE: SANCTIONS

----oo0oo----

On February 16, 2010, the court issued an Order to Show Cause ordering that defendant MTC Financial, Inc. should either pay $200.00 in sanctions to the clerk of the court or submit a statement of good cause for defendant's failure to supply its corporate disclosures by February 26, 2010. (Docket No. 48.) On

1 February 17, 2010, defendant's counsel submitted a statement of
2 good cause, contending that they inadvertently neglected to
3 provide the court with the disclosures because at the time there
4 was no operative complaint.

5    Defendant's statement does not demonstrate good cause
6 for its failure to file corporate disclosures with the court.  The
7 court twice explicitly ordered defendant to submit to the court a
8 statement of its corporate disclosures in its Order Setting Status
9 (Pretrial Scheduling) Conference of August 26, 2009 and Minute
10 Order of January 10, 2010.  Defendant's statement of good cause
11 merely states that defendant was negligent.  A district court has
12 the authority under to impose sanctions for even unintentional or
13 negligent noncompliance with the court's pretrial orders.  See,
14 e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275
15 F.3d 762, 769 (9th Cir. 2001) (upholding Rule 16 sanctions imposed
16 on a party for unintentionally failing to attend a scheduled
17 mediation due to an incapacitating headache); Ayers v. City of
18 Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding a
19 district court's sanctions under Rule 16(f) where counsel failed
20 to appear for a settlement conference because the date "slipped by
21 him"); Mt. Shasta Title & Escrow Co. v. Pennbrook Homes, No.
22 07-963, 2007 WL 4210478, at *2 (E.D. Cal. Nov. 28, 2007) (Burrell,
23 J.) (sanctioning counsel $200 for mistakenly filing an inaccurate
24 status report indicating that a party had been served).
25 ///
26 ///
27 ///
28 ///

1 IT IS THEREFORE ORDERED that, within 10 days of the date
2 of this Order, defendant shall pay sanctions of $200.00 to the
3 clerk of the court.
4 DATED: March 12, 2010

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE